Singh v. Garland

BIA
A206 086 354

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand twenty-one.

PRESENT:
> GUIDO CALABRESI,
> DENNY CHIN,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

_____

NISHAN SINGH,
> *Petitioner,*

v.                                                    19-1784
                                                     NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Anas J. Ahmed, Esq., Pannun the
                         Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:          Brian M. Boynton, Acting Assistant
                         Attorney General; Holly M. Smith,
                         Senior Litigation Counsel; Jesse

D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nishan Singh, a native and citizen of India, seeks review of a May 22, 2019, decision of the BIA denying his motion to reopen. *In re Nishan Singh,* No. A 206 086 354 (B.I.A. May 22, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Singh moved to reopen to reapply for asylum, alleging that police had raided his home in India and arrested and beat his brother. Singh argued that these events demonstrated a change in conditions excusing his untimely filing and established his prima facie eligibility for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Singh's 2018 motion to reopen was untimely, as it was

2

filed two years after his 2016 removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (90-day period to move to reopen); 8 C.F.R. § 1003.2(c)(2) (same). Although the deadline is excused if reopening is sought to apply for asylum and the petitioner demonstrates "changed country conditions arising in the country of nationality or the country to which removal has been ordered," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii), the BIA did not err in finding that Singh failed to demonstrate such a change here.

In support of his assertion that police raided his house and arrested and beat his brother, Singh submitted only his and his brother's affidavits. The BIA was not required to credit these affidavits, because Singh was found not credible in the underlying proceedings and the affidavits did not resolve the inconsistencies underlying that prior determination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–49 (2d Cir. 2007) (finding reasonable BIA's

decision not to credit documentary evidence presented to motion to reopen where movant was found not credible in underlying proceedings). Neither Singh's nor his brother's affidavit resolved the inconsistencies that led to the underlying adverse credibility determination. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005). Singh's allegation of bias is unsupported and is belied by the BIA's decision, which shows that the BIA considered the evidence and applied the appropriate legal standards. *See INS v. Abudu*, 485 U.S. 94, 107–10 (1988)(movant has "heavy burden" to show reopening is warranted); *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322– 23 (1992) for proposition that motions to reopen are "disfavored").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4